UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JACINTO NUNEZ-LEBRON, | ) | CASE NO.  4:11 CV 0497 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN RODDIE RUSHING, et al., | ) | |
| | ) | |
| Respondents. | ) | |

Pro se petitioner Jacinto Nunez-Lebron filed the above-captioned habeas corpus action pursuant to 28 U.S.C. § 2241.  Mr. Nunez-Lebron is incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.)  and names N.E.O.C.C. Warden Roddy Rushing and S.I.S Chief Conroy as respondents.  He seeks either release to the general prison population or transfer to another prison facility.  For the reasons set forth below, the Petition is denied.

*Background*

Mr. Nunez-Lebron was involved in a physical altercation with another inmate at N.E.O.C.C. on October 12, 2010.  He claims both he and the other inmate accepted responsibility for their actions. After a hearing before the Disciplinary Hearing Officer (DHO), Mr. Nunez-Lebron was found to have committed the prohibited act of fighting with another person in violation of

Bureau of Prison (BOP) Code 201. The DHO sanctioned him with the loss of 26 days Good Conduct Time (GCT), 1 day forfeiture of non-vested GCT, 30 days of disciplinary segregation and the loss of 120 days commissary privileges.

Mr. Nunez-Lebron filed a Grievance at N.E.O.C.C. on January 31, 2011 requesting release to the general prison population. He explained that he was no threat to the safety or security of other inmates. There was no response to his grievance. His Petition before this Court followed.

*Initial Review*

This matter is before the Court for screening. 28 U.S.C. § 2243; Harper v. Thoms, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the Petition are taken as true and liberally construed in Petitioner's favor. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir.2001). As Mr. Nunez-Lebron is appearing pro se, his Petition is held to less stringent standards than those drafted by attorneys. Burton v. Jones, 321 F.3d 569, 573 (6th Cir.2003); Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir.1999). Upon careful review, the Court finds the Petition lacks merit.

*28 U.S.C. § 2241*

Section 2241 claims under Title 28 of the U.S. Code are generally reserved for challenges to the execution of a prisoner's sentence, such as the computation of parole or sentence credits, which includes the loss of GCT. See Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). To seek habeas relief Mr. Nunez-Lebron need not seek immediate release from custody, provided he can show that 'but for' the alleged denial of due process he would be released at an earlier date than is now scheduled. Id., at 487-88. Therefore, when the disciplinary sanction includes a denial of GCT to which Petitioner was entitled as a matter of statute, so that he is indeed

2

seeking release at an earlier date, he may pursue a habeas corpus suit.[1]

Although Mr. Nunez-Lebron was sanctioned with the loss of GCT, he is not seeking the restoration of those credits. Instead, his Petition before this Court challenges the length of time he has been placed in disciplinary segregation. The basis upon which he rests his claim does not assert that the underlying sanction imposed was excessive, or dispute the propriety of his initial confinement to segregation. With regard to the procedures leading to the imposition of sanctions, Mr. Nunez-Lebron never attacks the process. Mr. Nunez-Lebron simply claims his placement in disciplinary segregation has exceeded the 30 days sanction period imposed by the DHO, and he now has a right to immediate release into the general prison population or to be transferred to another prison.

The Constitution does not make an inmate's freedom from segregation a protected liberty interest. Montanye v. Haymes, 427 U.S. 236, 242 (1976). Moreover, Mr. Nunez-Lebron has no right to his alternative request to be transferred to another prison. Olim v. Wakinekona, 461 U.S. 2381983). The Supreme Court has clarified that not every "action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause ...." Sandin v. Conner, 515 U.S. 472, 484 (1995). The "curtailment of certain rights is necessary, as a practical matter, to accommodate a myriad of 'institutional needs and objectives' of prison facilities, chief among which is internal security." Hudson v. Palmer, 468 U.S. 517, 524(1984)(internal citations omitted). A

---

[1] If Mr. Nunez-Lebron were seeking the restoration of GCT based on a challenge to his right to Due Process, this Court would examine whether he was afforded the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974).

federal prisoner enjoys no regulation-based liberty interest in remaining free from disciplinary segregation absent an atypical and significant hardship such as the loss of good time credits. See Sandin, 515 U.S. at 485-87; Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir.1995).  Based on the facts alleged in his Petition, Mr. Nunez-Lebron has not alleged an injury that would entitle him to seek habeas relief from this Court.

### Conclusion

Based on the foregoing, the Petition is **dismissed** pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.